UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JUAN FRANCISCO PEREZ, | ) Case No. CV 11-3510-SJO (SH) |
| Petitioner, | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS |
| v. | ) |
| SUPERIOR COURT OF | ) |
| CALIFORNIA COUNTY OF | ) |
| LOS ANGELES, et al., | ) |
| Respondents.[1] | ) |

On April 25, 2011, 2010, pro se petitioner filed a Petition for Writ of Habeas

Corpus by a Person in State Custody ("Petition") herein. In his Petition, petitioner

---

[1]    Petitioner alleges that he is being detained in New Mexico. (Petition at 2).
Petitioner names as additional respondents Warden Terry or I.C.E. (Petition at 1).
It appears that the Los Angeles County Superior Court would not be a proper
respondent.  See   Rule 2(a) of the Rules Governing Section 2254 cases in the
United States District Courts and the Advisory Committee Notes thereto; Ortiz-
Sandoval v. Gomez, 81 F.3d 891, 894-96 (9th Cir. 1996).

1

(who suffered a conviction in Los Angeles County Superior Court in 2010) alleges the following claims: (1) Petitioner's signature on his written confession was forged, in violation of his rights under the Fifth Amendment; (2) Petitioner received ineffective assistance of counsel with respect to the issue of the forged signature; and (3) Petitioner's attorney coerced him into entering a plea. (Petition at 5-6, Attachment at 1-2).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 179 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Here, petitioner admits that the claims raised in the Petition have not been presented to the California Supreme Court. Indeed, petitioner has alleged that he

2

has "tryied (sic) to appeal but I . . . have not received an answer from Superior Court. Also I relied on my Public Defender to take appropriate legal procedures and she did not do nothing for me." (Petition at 3). Thus, petitioner has never presented to the California Supreme Court the claims being alleged in the Petition herein. It appears conclusively from the face of the Petition that the claims alleged in the Petition are unexhausted.

Accordingly, the claims alleged in the Petition are unexhausted and the Petition is properly dismissed without prejudice.

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice to refiling after exhaustion of state remedies.[2]

DATED: May 2, 2011.

_S. James Otero_

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:
Date: April 29, 2011

_Stephen J. Hillman_

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] This dismissal does not relieve petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future habeas petitions filed in this Court.